UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARPER,<br><br>    Plaintiff,<br><br>    v.<br><br>THERESA CISNEROS, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00290-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE FILED ON MARCH 23, 2022<br><br>(ECF No. 5) |

Plaintiff Jason Harper is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on March 10, 2022.  On March 14, 2022, the Court ordered Plaintiff to file an application to proceed in forma pauperis or pay the $402.00 filing fee.  (ECF No. 3.)

However, on March 23, 2022, Plaintiff filed a notice contending that the Court inappropriately interpreted and opened this action as civil rights complaint instead of a criminal complaint.  (ECF No. 5.)  Although Plaintiff contends that he wished to bring this action as a criminal complaint under several California Penal Code Sections, Plaintiff is advised that the penal code is a criminal statute and does not provide for a private right of action against Defendants. "With rare, limited exceptions, none of which applies to § 1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Criminal actions are initiated by the state, not by private citizens." Lipsey v. Reddy, No. 1:17-cv-00569-LJO-BAM (PC), 2017 WL 4811723, at *4 (E.D. Cal. Oct. 24,

2017), report and recommendation adopted, No. 1:17-cv-00569-LJO- BAM (PC), 2017 WL 5070338 (E.D. Cal. Nov. 3, 2017); see also Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (noting that Supreme Court rarely implies a private right of action under a criminal statute.)  Therefore, Plaintiff cannot bring a criminal action under § 1983 against Defendants for violation of the California Penal Code. See Turnbough v. Hernandez, No. 1:17-cv-01465-BAM (PC), 2018 WL 3637026, at *4 (E.D. Cal. July 30, 2018), report and recommendation adopted, No. 1:17-cv-01465-DAD-BAM, 2018 WL 5023388 (E.D. Cal. Oct. 16, 2018).  Furthermore, based on a cursory review of the complaint, Plaintiff is alleging several retaliation (and other related) claims against prison officials, and such claims are appropriately brought under 42 U.S.C. § 1983.[1]  (ECF No. 1.)  Indeed, challenges to conditions of confinement by state prisoners are appropriately brought pursuant § 1983. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance."); Muhammad v. Close, 540 U.S. 749, 750 (2004).  Accordingly, Plaintiff's request that this action be reclassified as a criminal complaint is DENIED.

IT IS SO ORDERED.

Dated:   **March 25, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] By this statement, the Court expresses no opinion as to the merits of Plaintiff's claims raised in the complaint.