UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THERESA CISNEROS, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-0290 JLT SAB (PC)<br><br>ORDER DENYING RECONSIDERATION OF THE COURT'S ORDER DATED MARCH 25, 2022<br><br>(Doc. 10) |

Jason Harper initiated this action by filing a complaint on March 10, 2022. (Doc. 1.) After Plaintiff filed his complaint, the Court issued its "First Informational Order in Prisoner/Civil Detainee Civil Rights Case." (Doc. 2.)

Thereafter, Plaintiff filed an "Administrative Notice" in which he asserted the Court inappropriately identified this action as civil rights complaint instead of a criminal complaint. (Doc. 4.) The Court declined to reclassify the matter as a criminal complaint. (Doc. 5.) The Court explained "the penal code is a criminal statute and does not provide for a private right of action against Defendants." (*Id.* at 2.) The Court observed that "based on a cursory review of the complaint, Plaintiff is alleging several retaliation (and other related) claims against prison officials, and such claims are appropriately brought under 42 U.S.C. § 1983." (*Id.* at 2.)

Plaintiff filed objections to the Court's order (Doc. 10), which the Court construes as a motion for reconsideration.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; ... or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir.1991). The Ninth Circuit explained: "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff contends the Court misconstrued his complaint because he is not seeking to press charges against the named individuals but instead requesting the District Attorney and Court file charges against the individuals. (Doc. 10.) As previously explained by the Court: "With rare, limited exceptions…, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Criminal actions are initiated by the state, not by private citizens." (*Id.* at 1-2, quoting *Lipsey v. Reddy*, 2017 WL 4811723, at *4 (E.D. Cal. Oct. 24, 2017), *report and recommendation adopted*, 2017 WL 5070338 (E.D. Cal. Nov. 3, 2017).)

Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."); *Oliver v. Collings*, 914 F.2d 56, 60 (5th Cir. 1990) (a prisoner who complained that a sheriff did not file criminal charges against guards who beat him failed to state an actionable claim); *Lewis v. Jindal*, 368 Fed. Appx. 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a

constitutional right to compel criminal prosecution."). Plaintiff also does not argue that newly discovered evidence or an intervening change of the law requires reconsideration of the Court's order.

Plaintiff's objection is lacking any legal ground entitling him to reconsideration. Mere disagreement with the Court's order is not sufficient to demonstrate that reconsideration is warranted. Accordingly, Plaintiff's objection, construed as a motion for reconsideration of the March 25, 2022 order regarding case classification (Doc. 10), is **DENIED**.

IT IS SO ORDERED.

Dated: **April 21, 2022**

UNITED STATES DISTRICT JUDGE