UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOYAH DESERTHAWK KIDWELL,<br><br>            Plaintiff,<br><br>    v.<br><br>THERESA CISNEROS, et al.,<br><br>            Defendants. | Case No.: 1:22-cv-00290-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE SCREENING ORDER ISSUED ON MAY 13, 2022<br><br>(Doc. 15) |

        The Magistrate Judge screened the complaint filed in this action, pursuant to 28 U.S.C. ¶ 1915A, provided the applicable legal standards, and granted Plaintiff thirty days to file an amended complaint. (Doc. 14.) Plaintiff filed objections to the court's May 13, 2022 order, which the court construes as a motion for reconsideration. (Doc. 15.)

        Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; ... or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir. 1991).

    "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted) (emphasis in original).

    None of the arguments contained in Plaintiff's filing demonstrate that the magistrate judge's screening order finding that Plaintiff failed to state a cognizable claim was "clearly erroneous or contrary to law." *See, e.g., U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("[a] party seeking reconsideration must show more than a disagreement with the Court's decision."). To the extent Plaintiff believes that the Court has misunderstood his complaint, Plaintiff's remedy is to file an amended complaint in compliance with the court's May 13, 2022 order. Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 16, 2022**

UNITED STATES DISTRICT JUDGE

2